# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-22-514-F |
| | ) |
| JAMES ARTHUR WATSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The court has preliminarily reviewed the presentence investigation report, doc. no. 30, filed on May 10, 2023. The court notes the defendant's objections to paragraphs 12-16 of the presentence investigation report. The objections to those paragraphs are articulated, in each instance, as follows: "The Defense objects to the information in this paragraph generally, as this matter is pending in another jurisdiction where Mr. Watson currently maintains a plea of not guilty." *See*, doc. no. 30, at 16.

The court takes these objections to be precautionary, lodged for the sole purpose of avoiding any implicit admission that could potentially be consequential in the state criminal case referred to in paragraph 39 of the presentence report (or in any other case which might be filed on the basis of the matters addressed in paragraphs 12-16). That said (and in contrast), it is also possible that these objections were lodged by counsel for the defendant for the purpose of placing the facts stated in those paragraphs in issue for purposes of sentencing in this case. If these objections were lodged for this latter reason, they are far too general.

Consequently, if these objections were lodged for that reason, they should be stricken. General objections run counter to some basic principles of federal sentencing procedure. As relevant here, Rule 32(f), Fed. R. Crim. P., requires a party objecting to material in a presentence report to "state in writing any objections, including objections to material information." This affirmative requirement in Rule 32 is echoed in the advisory guidelines, specifically USSG § 6A1.2(b). At sentencing, the court is required to rule on "any disputed portion of the presentence report." Rule 32(i)(3)(B).

Bearing in mind this commonsense framework for fair resolution of disputed factual matters which may be relevant to sentencing, it comes as no surprise that, to invoke the district court's factfinding obligation, the defendant is required to make "specific allegations" of factual inaccuracy. United States v. Chee, 514 F.3d 1106, 1115 (10th Cir. 2008). See also, to the same effect, United States v. Rodriguez-Delma, 456 F.3d 1246, at 1253 (10th Cir. 2006). Thus, objections to a presentence report must be made with "specificity and clarity" in order to alert the government and the district court to the mistake of which the defendant complains. United States v. Ramirez-Flores, 743 F.3d 816, 824 (11th Cir. 2014). As the court noted in Ramirez-Flores, "this requirement is not gratuitous; rather, it ensures that the government has the opportunity to address or correct the alleged error." Id. If an objection to a fact contained in the presentence report is not asserted with sufficient specificity, "the objection is waived." United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006).

If the general objections to paragraphs 12-16 are intended to place the facts asserted in those paragraphs in issue (as opposed to being lodged simply for the protective purpose referred to above), then they completely frustrate the court's ability to focus on matters which might genuinely and specifically be placed in issue in this case for sentencing purposes. Of equal importance, these general objections

run directly counter to the fundamental principles of federal sentencing procedure as established by the authorities cited above.

Accordingly, the defendant is **DIRECTED** to file, within seven days from the date of entry of this order, a notice to the court stating whether the objections to paragraphs 12-16 are intended to place the facts stated in those paragraphs in issue for sentencing purposes.  If the notice indicates that the objections are lodged for that purpose, the court will strike them and will give defendant an additional period of time within which to lodge specific objections.

DATED this 12th day of May, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0514p005.docx